```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
COLLEEN ANN WAINWRIGHT and ELIZABETH :
WAINWRIGHT,                        :
           Plaintiffs,             :
                                   :
      -v-                          :
                                   :   05 CIV. 227 (DLC)
MATRIX ASSET ADVISORS, INC.,       :
                                   :   OPINION AND ORDER
           Defendant and Third-    :
           Party Plaintiff,        :
                                   :
      -v-                          :
                                   :
MARY BETH WAINWRIGHT,              :
                                   :
           Third-Party Defendant.  :
-----------------------------------X
```

Appearances

For Defendant and Third-Party Plaintiff:
Bruce A. Langer
845 Third Avenue, 16th Floor
New York, NY 10022

For Third-Party Defendant:
Robert J. Hantman
Holly R. Pack
Bryan Ha
Hantman & Associates
432 Park Avenue South
New York, NY 10016

DENISE COTE, District Judge:

 Plaintiffs Colleen Ann Wainwright and Elizabeth Wainwright (the "Wainwright Daughters") brought an action against Matrix Asset Advisors, Inc. ("Matrix" or "third-party plaintiff") to recover money their father intended to leave them upon his death. The Wainwright Daughters contend that Matrix, their father's financial advisor, did not obtain all of the necessary paperwork

to carry out their father's wishes.  As a result, their inheritance went to their step-mother, Mary Beth Wainwright ("Mrs. Wainwright" or "third-party defendant").  Matrix filed a third-party complaint against Mrs. Wainwright seeking indemnification for any and all damages that the Wainwright Daughters recover from Matrix.  Mrs. Wainwright filed a motion to dismiss the third-party complaint.  For the reasons stated below, the motion is granted.

Background

   The following facts are undisputed or taken from the third-party plaintiff's motion papers.  Beginning in July 1999, Matrix served as the investment money manager for Charles Anthony Wainwright ("Decedent").  The firm also performed services for Decedent's wife, the third-party defendant.  In late 1999, Decedent decided to roll over his Qualified Employment Plan into an Individual Retirement Account ("IRA").  Decedent completed the Charles Schwab & Co. ("Schwab") IRA rollover forms provided to him by Matrix, designating his daughters as the beneficiaries of the IRA.  Decedent returned the forms to Matrix, which in turn submitted them to Schwab.

   Decedent died in October 2003.  Matrix and Schwab prepared to turn the IRA proceeds over to the Wainwright Daughters.  Just before the funds were to be transferred, however, Schwab discovered that no waiver from Decedent's wife had ever been executed.  Accordingly, Schwab paid the approximately $500,000 in proceeds from the IRA to Mrs. Wainwright, rather than to the

Wainwright Daughters, who were left with no inheritance.

The Wainwright Daughters filed suit against Matrix on January 11, 2005, alleging that Matrix acted negligently as a financial advisor and breached its contractual obligation to assist Decedent in creating a rollover IRA with his daughters as beneficiaries. Matrix answered and moved to dismiss. In an Opinion of July 27, 2005, the negligence claim was dismissed, but the contractual claim was allowed to go forward. See Wainwright v. Matrix Asset Advisors, Inc., No. 05 Civ. 227 (DLC), 2005 WL 3418933 (S.D.N.Y. Jul. 27, 2005).

On October 6, 2005, Matrix filed a third-party complaint pursuant to Rule 14(a) of the Fed. R. Civ. P. demanding that Mrs. Wainwright indemnify it for any damages adjudged against it in favor of the Wainwright Daughters. The gravamen of the complaint filed by Matrix is that the funds to which the Wainwright Daughters claim entitlement are in the possession of the third-party defendant; therefore, she, rather than Matrix, should be liable to the Wainwright Daughters for any money they are owed.

Discussion

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. The purpose of this requirement, which applies equally to third-party claims, is to give fair notice of a claim and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial. Swierkiewicz v. Sorema, N.A.,

534 U.S. 506, 512 (2002). Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is "not meant to impose a great burden upon a plaintiff." Dura Pharms., Inc. v. Broudo, 544 U.S. __, __, 125 S.Ct. 1627, 1634 (2005). "The complaint thus need not set out in detail the facts upon which the claim is based." Twombly v. Bell Atlantic Corp., 425 F.3d 99, 107 (2d Cir. 2005) (citation omitted). If it is clear, however, that "no relief could be granted under any sets of facts that could be proved consistent with the allegations," the claim should be dismissed. Swierkiewicz, 534 U.S. at 514. In construing the complaint, the court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

Although the third-party complaint does not clearly articulate the legal basis for the claim, Matrix appears to advance a theory of implied indemnification. Under New York law, implied indemnification occurs when the party held legally liable for damages shifts responsibility for payment to another party "to prevent a result which is regarded as unjust or unsatisfactory." Rosado v. Proctor & Schwartz, Inc., 66 N.Y.2d 21, 24 (1985). As the Court of Appeals has recognized,

> It is nothing short of simple fairness to recognize that a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity.

McDermott v. City of New York, 50 N.Y.2d 211, 217 (1980)(citation omitted).

Although implied indemnity "finds its roots in the principles of equity," id. at 216-17, it is not a tool with which a judge can simply impose liability on the party he or she deems most blameworthy.  Instead, New York courts and the courts of this Circuit have described two sets of circumstances in which implied indemnification may arise.  First, there is a "tort-based right to indemnification found when there is a great disparity in the fault of two tortfeasors, and one of the tortfeasors has paid for a loss that was primarily the responsibility of the other." Peoples' Democratic Republic of Yemen v. Goodpasture, Inc. 782 F.2d 346, 351 (2d Cir. 1986).  Second, implied indemnification can arise out of a contractual relationship in which "the proposed indemnitee holds a non-delegable duty to the plaintiff, the responsibility for which he transfers to the proposed indemnitor by agreement."  Pro Bono Investments, Inc. v. Gerry, No. 03 Civ. 4347 (JGK), 2005 WL 2429787, at *16 (S.D.N.Y. Sept. 30, 2005) (citation omitted).  There is no right to indemnification, however, "when the proposed indemnitee retains a duty it owes directly to the plaintiff," id., or when the proposed indemnitor has not breached a duty owed to plaintiff. Rosado, 66 N.Y.2d at 24-25.

Even accepting all of third-party plaintiff's allegations as true, Matrix has not stated a claim that would allow a finding that the third-party defendant has an implied obligation to

indemnify it for any damages that may be recovered by the Wainwright Daughters. Matrix has not suggested that it and Mrs. Wainwright are joint tortfeasors. Indeed, Matrix does not appear to allege that Mrs. Wainwright committed a tort at all. Therefore, the first type of implied indemnification is not available here.

Instead, Matrix seems to argue for indemnification pursuant to the contractual theory. This too is unavailing. The relationship between Matrix and Mrs. Wainwright is not of the type that allows for a contract for indemnification to be implied. "Relationships that support implied indemnification include employer/negligent employee, building owner/independent contractor, and motor vehicle owner/negligent driver." Pro Bono, 2005 WL 2429787, at *17 (citation omitted). The relationship between third-party plaintiff and third-party defendant does not fit this mold. First, there is no allegation that Mrs. Wainwright implicitly agreed to assume responsibility for any of Matrix's duties to the Wainwright Daughters. See Goodpasture, 782 F.2d at 351. Second, and more fundamentally, Matrix has not identified any legally cognizable duty owed by Mrs. Wainwright to the Wainwright Daughters pertaining to the IRA proceeds.[1] The purpose of the doctrine of implied indemnification is "to allow one who was compelled to pay for the wrong of another to recover

---

[1] Although Mrs. Wainwright might owe the Wainwright Daughters a moral or ethical duty to carry out their father's wishes, this is not the sort of obligation that the law can enforce.

6

from the wrongdoer." Hanley v. Fox, 468 N.Y.S.2d 193, 195 (3d Dep't 1983). But because Mrs. Wainwright owed no legal duty to the Wainwright Daughters, she has not committed any wrong that could serve as the basis for Matrix's recovery.

Furthermore, even if Mrs. Wainwright's conduct did constitute a legally cognizable wrong, Matrix's claim for indemnification would be defeated by the fact that it retained a separate duty to the Daughters arising from the contract between Matrix and Decedent. See Pro Bono, 2005 WL 2429787, at *17. Here, as this Court has previously held, the Daughters "qualify as third-party beneficiaries, as the agreement between Wainwright and Matrix that the paperwork be prepared naming plaintiffs as IRA beneficiaries evidenced the parties' intent to benefit them." Wainwright, 2005 WL 3418933, at *4. Because the Wainwright Daughters' claim is that Matrix breached its contract with Decedent, there is no possible set of facts under which Matrix could be held liable without being found to have breached a duty it owed to plaintiffs. It is for this reason that "[i]mplied indemnification is not available where the underlying cause of action is for breach of contract and no delegation of contractual responsibilities occurred." Bonacci v. Lone Star Int'l Energy, Inc., No. 98 Civ. 634 (HB), 1999 WL 76942, at *5 (S.D.N.Y. Feb. 16, 1999).

Because the third-party plaintiff has not stated a claim on which relief can be granted, it is not necessary to address third-party defendant's arguments that this Court lacks

7

jurisdiction over Mrs. Wainwright, and that Matrix failed to obtain the leave necessary properly to file the third-party complaint.

Conclusion

For the foregoing reasons, the third-party defendant's motion to dismiss the third-party complaint is granted.

SO ORDERED:

Dated: New York, New York
March 6, 2006

*[signature]*
DENISE COTE
United States District Judge